IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GANTER | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | Case No. 4:13cv510 |
| | § | |
| INDEPENDENT BANK | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant's Motion for Partial Judgment on the Pleadings (Dkt. 33). As set forth below, it is GRANTED in part and DENIED in part.

Plaintiff Christopher Ganter and Defendant entered into a Global Compromise Settlement Agreement and Mutual General Release (the "Settlement Agreement") on November 12, 2012, which provided that Defendant would release its lien upon 1828 Wonderlight Lane, Dallas, Texas (the "Property") and execute all documents necessary to facilitate the release of said lien. When Plaintiff sold the Property on or about June 7, 2013, Defendant withheld $21,104.71 for a property tax lien. Plaintiff argues that such actions were a breach of the Settlement Agreement and violated the Fair Credit Reporting Act.

Plaintiff Christopher Ganter asserts the following two claims: breach of contract and violations of the Fair Credit Reporting Act, 15 U.S.C. §1681.[1] Defendant asserts a counterclaim,

---

[1] The parties in this matter were realigned in this case after removal. *See* Dkt. 16. No amended pleadings were filed after realignment. Therefore, Plaintiff's live claims are asserted in Christopher Ganter's Second Amended Answer and Counterclaim. *See* Dkt. 13. They are again set forth in the parties' Joint Conference Report, filed in accordance with Rule 26(f). *See* Dkt.

arguing that Plaintiff wrongfully obtained an injunction in state court prior to removal.

Defendant's Motion for Partial[2] Judgment on the Pleadings (Dkt. 33) asks the Court to dismiss Plaintiff's Fair Credit Reporting Act and breach of contract claims. Plaintiff has filed a response in opposition. Although Plaintiff's response misconstrues the Court's standard of review in a motion for judgment on the pleadings, the Court addresses the parties arguments below.

### STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant brings its motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). In examining a motion for judgment on the pleadings, therefore, the court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A claim will survive if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

---

14.

[2]Defendant's motion seeks dismissal of all of Plaintiff's claims; however, Defendant's motion does not address its counterclaim, making its motion only a motion for partial judgment.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

Plaintiff's pleadings allege that Defendant violated the Fair Credit Reporting Act by submitting information about him that it knew to be untrue and inaccurate and by submitting negative information without providing him notice in writing. Dkt. 13 at ¶¶30, 31; Dkt. 14 at p. 3. Defendant argues that Plaintiff's complaint does not contain sufficient factual matter, even if accepted as true, to state a claim under the Fair Credit Reporting Act. The Court agrees.

Section 1681n, the section of the Fair Credit Reporting Act relied upon by Plaintiff in his pleadings, sets forth the civil liability and damages available for willful noncompliance with the Fair

3

Credit Reporting Act's requirements. *See* 15 U.S.C. § 1681n. The subsection does not establish the reporting requirements placed on creditors. Therefore, no claim can be stated against Defendant under that section.

As noted by Defendant in its motion, however, Subsection 1681s-2 of the Act sets forth the responsibilities of furnishers of information to consumer reporting agencies. Although Plaintiff's allegations could fall within this subsection, Plaintiff's pleadings fail to cite to it. Plaintiff has further not sought leave to amend his pleadings after such deficiency was identified by Defendant. The Court notes that this alone may be grounds for dismissal of the claim. Nonetheless, although the provision is not cited, the Court will address whether Plaintiff has stated facts that would state a claim under Subsection 1681s-2.

As to Plaintiff's claim that Defendant "submitted information about Mr. Ganter that it knew to be untrue and inaccurate," Dkt. 13 at ¶30, Section 1681s-2(a) provides that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. §1681-s2(a)(1)(A). As to Plaintiff's claim that Defendant "submitted the negative information without providing Mr. Ganter notice in writing," Dkt. 13 at ¶31, Section 1681s-2(a)(7) provides that if a financial institution furnishes negative information to a consumer reporting agency "the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer." 15 U.S.C. §1681s-2(a)(7).

Thus, if properly pleaded at all, Plaintiff's claims under the Fair Credit Reporting Act, arise under Section 1681s-2(a). Defendant argues that, according to Subsection 1681s-2(c), Section

1681n's provisions regarding civil liability and damages available for willful noncompliance with the Fair Credit Reporting Act do not apply to any violations of Section 1681s-2(a); instead any such violations, according to Subsection 1681s-2(d), shall be enforced by Federal agencies and state officials. The Court agrees. *See* 15 U.S.C. §§ 1681s-2(c), (d). *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (Section 1681s–2(c) provides exception to civil liability when allegation is failure to comply with Section 1681s–2(a) and Section 1681s–2(d) provides that enforcement of Section 1681s–2(a) shall be by government officials). It has already been held in this District that "[a] violation of any of the duties described in section 1681s–2(a) does not give rise to a private right of action." *Ray v. Wells Fargo Bank, N.A.*, 2012 WL 602212, 3 (E.D. Tex. 2012) (Report and Recommendation of United States Magistrate Judge adopted by the District Judge, 2012 WL 602208). Therefore, Plaintiff's allegations do not give rise to a private right of action and Plaintiff cannot state a claim under 15 U.S.C. §1681s-2(a).

As to any private right of action Plaintiff may have under the Fair Credit Reporting Act, the Court also agrees with Defendant that no facts are alleged in Plaintiff's live pleadings that would state that he provided any notice of dispute of the negative information such that the duties of furnishers of information set forth in Section 1681s-2(b) would be implicated. *See generally Young*, 294 F.3d at 640 (receipt of notice of a dispute from a consumer reporting agency is required to trigger furnisher's duties under Section 1681s–2(b)).

Defendant's motion for judgment on the pleadings is GRANTED as to Plaintiff's claims under the Fair Credit Reporting Act, and those claims are dismissed.

Next, the Court turns to Plaintiff's breach of contract claim. In order to establish a breach of contract claim, Plaintiff must plead facts showing: (1) the existence of a valid contract; (2) performance or tender of performance by Plaintiff; (3) breach by Defendant; and (4) damages resulting from the breach. *Cadillac Bar West End Real Estate v. Landry's Restaurants, Inc.*, 399 S.W.3d 703, 705 (Tex. App. – Dallas 2013, pet. denied) (citing *Petras v. Criswell*, 248 S.W.3d 471, 477 (Tex. App. – Dallas 2008, no pet.)).

Here, Plaintiff alleges that the parties entered into the Settlement Agreement; that he made payments in accordance with the Loan Modification Agreement which flowed from the Settlement Agreement; that Defendant breached the Settlement Agreement by: (i) charging off and reporting on Plaintiff's credit loans that were expressly forgiven and (ii) collecting approximately $21,000 from the sale of the Wonderlight property for a loan that the Bank forgave; and that Plaintiff has suffered damages as a result. Dkt. 13 at ¶¶ 7-24. Defendant argues that Plaintiff's pleadings do not identify any provision of the settlement agreement which prohibits the Bank from charging off Plaintiff's loans or from reporting his loans as charged off to credit reporting agencies. Plaintiff alleges that Paragraph 5.06 of the Settlement Agreement provided that Defendant would "release its lien on 1828 Wonderlight (Loan #1828) ("Wonderlight Property"), [Independent Bank] will forgive all of Mr. Ganter's outstanding guarantees and loan obligations that are not expressly extended under this Agreement." Dkt. 13 at ¶8.

The Court finds that Plaintiff has pleaded enough facts to "raise a right to relief above the speculative level" and into the "realm of plausible liability" as to a breach of the Settlement Agreement. *Twombly*, 550 U.S. at 555, 557 n.5. Defendant's challenges to the breach of contract

6

action are best reserved for summary judgment or trial. The motion for judgment on the pleadings is DENIED as to Plaintiff's breach of contract claim and any accompanying request for attorney's fees.

**SO ORDERED.**

**SIGNED this 14th day of November, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE