IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GANTER | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | Case No. 4:13cv510 |
| | § | |
| INDEPENDENT BANK | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF
## <u>UNITED STATES MAGISTRATE JUDGE</u>

Now before the Court are Plaintiff's Motion for Partial Summary Judgment (Dkt. 21), Plaintiff's Motion for Release of Surety Bond (Dkt. 27), and Defendant's Motion for Summary Judgment (Dkt. 34). The Court makes its findings below.

Plaintiff Christopher Ganter has asserted a breach of contract claim in this action, arguing that Defendant breached a November 2012 Settlement Agreement by charging off and reporting on Plaintiff's credit loans in violation of the agreement and by collecting $21,104.71 from the sale of property at 1828 Wonderlight Lane, Dallas, Texas on a loan that Defendant forgave. Plaintiff also claims that Defendant's actions violate the Fair Credit Reporting Act. Defendant asserts a counterclaim, arguing that Plaintiff wrongfully obtained an injunction in state court prior to removal.

The Court has already dismissed Plaintiff's Fair Credit Reporting Act claims, leaving only the breach of contract claim and the wrongful injunction counterclaim for resolution.

The parties have filed motions seeking to dispose of the remaining claims. Plaintiff argues that he is entitled to summary judgment on his claim for breach of contract because Defendant materially breached the Settlement Agreement by failing, and subsequently refusing, to release the

1

lien. *See* Dkt. 21. Defendant argues that Plaintiff does not have a valid claim for breach of contract because Plaintiff cannot present evidence that he paid the taxes on the Property; Plaintiff did not make his monthly payments according to the terms of the Homestead Loan, as modified in the Settlement Agreement; there is no evidence that the Settlement Agreement prohibited the Bank's reporting of the charged off debts; and there is no credible evidence that the Bank collected for a loan that the Bank forgave under the Settlement Agreement.

As to its counterclaim of wrongful injunction, Defendant argues that Plaintiff wrongfully obtained a restraining order in County Court at Law No. 6, Collin County, Texas, preventing Defendant's posted July 2, 2013, foreclosure sale. Defendant argues that the County Court at Law did not have jurisdiction over Plaintiff's claims.

Plaintiff's Motion for Release of Surety Bond (Dkt. 27) seeks the return of Surety Bond in the sum of Twenty Thousand Dollars ($20,000.00) posted in Collin County in conjunction with the temporary restraining order. The Court finds that this motion is inextricably intertwined with Defendant's Motion for Summary Judgment on Defendant's claim for wrongful injunction and thus they will be addressed jointly.

Both parties seek summary judgment on their claim for attorney's fees.

## MOTION FOR SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D.

TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

**ANALYSIS**

*Breach of Contract*

The Court first turns to Plaintiff's claims that Defendant materially breached their Settlement Agreement by collecting $21,104.71 from the sale of property and refusing to release the lien. In order to establish a breach of contract claim, Plaintiff must show: (1) the existence of a valid contract; (2) performance or tender of performance by Plaintiff; (3) breach by Defendant; and (4) damages resulting from the breach. *Cadillac Bar West End Real Estate v. Landry's Restaurants, Inc.*, 399 S.W.3d 703, 705 (Tex. App. – Dallas 2013, pet. denied) (citing *Petras v. Criswell*, 248 S.W.3d 471, 477 (Tex. App. – Dallas 2008, no pet.)).

The Court notes that the Settlement Agreement contains the following provisions pertinent to the facts here:

- "Ganter represents that all taxes on the Property for calendar year 2011 and earlier have been paid, and that no liens exists on the Property that are superior to, or that by the passage of time may become superior to, the liens of UCB." Dkt. 21-2 at §4.05.

- "Ganter shall pay UCB a cash payment of $13,500.00 as follows...." Dkt. 21-2 at §5.02

- "Ganter shall pay all taxes due on the Property before January 31, 2013." Dkt. 21-2 at §5.04.

- "Upon receipt of payment from Ganter as required in Section 5.02 above, UCB will release its lien on 1828 Wonderlight (Loan #1828), UCB will forgive all of Ganter's outstanding guarantees and loan obligations that are not expressly extended under this Agreement, and will withdraw the foreclosure scheduled for November 2, 2012." Dkt. 21-2 at §5.06.

4

The Settlement Agreement was executed on November 5, 2012. *See* Dkts. 22-1. The assignment of the tax lien to the bank was made as of November 14, 2012. Dkt. 28-1. Thus, there is no fact issue that Defendant assumed the tax lien on the Property *after* the execution of the Settlement Agreement forgiving all "outstanding guarantees and loan obligations" that were not expressly extended under the agreement.

The Court further finds that the language of the Settlement Agreement is not ambiguous as to the obligations it released and that any tax liens assumed after the date of the parties' settlement were not contemplated to be "outstanding guarantees." Indeed, on the date the agreement was executed, Plaintiff represented that *no liens* then existed on the Property that were superior to, or that by the passage of time would become superior to then existing liens of the bank and that all other taxes on the Property would be paid. Dkt. 21-2 at §§ 4.05, 5.04.[1] Defendant did not agree to release the property tax lien in the November 5, 2014 agreement because it had not been assigned the lien at that time.

Because there is no fact issue that Defendant assumed the property tax lien after the Settlement Agreement releasing all other liens was executed, Plaintiff cannot demonstrate a fact issue as to his claim that Defendant's failure to release the property tax lien was a breach of the Settlement Agreement. Ganter's affidavit states that he paid $10,000 before November 5, 2012 and that he executed a release of the $3,500.00 temporary restraining order bond. *See* Dkt. 21-2 at 2. He does not specify when the payment under Section 5.02 was complete. In any event, it appears

---

[1]The Court notes that Property Tax Solution's liens as to the property were recorded in the public records as early as 2009. *See* Dkt. 28-4.

that there was a significant delay in the execution of the release of lien, with the bank claiming it was Plaintiff's responsibility to send the form to it. The matter of the preparation and submission of the release of lien is not addressed in the Settlement Agreement and therefore cannot form a basis for breach. Ultimately, however, the bank declined to sign the release of lien sent by Plaintiff until the tax lien notes acquired from Property Tax Solutions were paid off. *See* Dkt. 24-7.

The Court does find that there is a fact issue regarding the amount retained by Defendant for the property tax lien. According to the summary judgment record, the approximately $21,000 in tax liens attached to the 1828 Wonderlight Property was a *pro rata* amount determined by Independent Bank after purchasing a bundle of deficient property taxes. *See* Dkt. 34-9 at PageID #1088-1093. Although Defendant offers an exhibit in support of its calculation, *see* Dkt. 34-11, the Court declines to find that, as a matter of law, Defendant was entitled to exact amount withheld. There is also evidence in the summary judgment record that it was Defendant's parent company that purchased the tax lien, not Defendant, *see* Dkts. 28 & 29, further creating a fact issue as to whether the amount withheld constituted a breach of the parties' agreement.

Because the Court finds that there are outstanding fact issues regarding the sale of the Wonderlight property and Defendant's retention of certain funds, Plaintiff's Motion for Partial Summary Judgment (Dkt. 21) and Defendant's Motion for Summary Judgment (Dkt. 34) are DENIED as to the breach of contract claim, and the breach of contract claim shall proceed to trial. Plaintiff's contract claim shall be limited as indicated herein.[2] Because the breach of contract claim

---

[2]As to any claim of breach based on Defendant's reporting on Plaintiff's credit loans that were expressly forgiven, there has been no evidence proffered in the summary judgment record that would create a fact issue as to this allegation.

remains at this time, summary judgment as to the parties' claims for attorney's fees is also denied.[3]

*Wrongful Injunction Counterclaim*

The Court next turns to Defendant's counterclaim for wrongful injunction. Defendant has asserted a counterclaim, arguing that Plaintiff wrongfully obtained a temporary restraining order in the County Court at Law, where the County Court at Law lacked jurisdiction over the matters in dispute. "To prevail upon this cause of action, the claimant must prove that the temporary restraining order or temporary injunction was issued or perpetuated when it should not have been, and that it was later dissolved." *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 685 -686 (Tex. 1990). As to any perpetuation of the injunctive relief, the Court notes that the injunction was issued on Monday July 1, 2013, and Plaintiff nonsuited the case (apparently after the County Court at Law questioned its jurisdiction) on Monday, July 8, 2013. Dkts. 34-12-34-3. The Court also questions whether the issuance of a temporary restraining order by a court without jurisdiction can be said to be a wrongful action by the movant as a court's jurisdiction is always a matter for a court's own determination. Nonetheless, even if the County Court at Law's lack of statutory jurisdiction over an injunction that restrained Defendant for approximately five business days were enough to show the issuance of a restraining order "when it should not have been," Defendant has failed to create a fact issue as to its damages.

Texas law is clear that in such a claim, "the claimant must prove that the issuance of the injunction caused him damages." *Matagorda County Hosp. Dist. v. City of Palacios*, 47 S.W.3d 96,

---

[3] As noted by the Court at the November 18, 2014 telephone conference, however, given the current posture of the contract claim, an award of attorney's fees may not be appropriate as to either party.

105 (Tex. App.–Corpus Christi,2001). *See also Goodin v. Jolliff*, 257 S.W.3d 341, 353 (Tex. App.–Fort Worth 2008) ("we conclude and hold that the trial court erred by releasing the security amount to Marsha in the absence of any pleading or proof that she was damaged by the issuance of the temporary injunction."). Although Defendant claims it was prevented from pursuing a July 2, 2014 foreclosure sale, Defendant has not cited to any summary judgment evidence — or even made any specific allegations — as to any damages caused by the postponement of the foreclosure sale in its summary judgment motion. *See* Dkt. 34 at 16-17.

Because the Court finds no fact issue as to Defendant's counterclaim, Defendant's request for summary judgment (*see* Dkt. 21) is DENIED, Defendant shall take nothing by its counterclaim, and Plaintiff's Motion for Release of the Surety Bond (Dkt. 27) is GRANTED as set forth below and the July 1, 2013 bond posted by Christopher Ganter in Cause Number 006-1498-2013, shall be released payable to Plaintiff upon entry of final judgment in this case.[4]

**SO ORDERED.**

**SIGNED this 21st day of November, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[4] On August 7, 2013, in Cause No. 006–1498-2013, the County Court at Law consolidated Plaintiff's Motion to Return Bond (in his nonsuited action) with Cause No. 006-1585-2013, where Defendant asserted claims seeking recovery for wrongful injunction. *See* Dkt. 27-2. The consolidated action was removed to this Court; therefore, it appears this Court is left to determine the release of the bond